IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-74,101-02






EX PARTE GABRIEL GONZALEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2005CRM000230D4 IN THE 406TH DISTRICT COURT


FROM WEBB COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
aggravated assault and sentenced to imprisonment for thirteen and fifteen years. The Fourth Court
of Appeals affirmed his convictions. Gonzalez v. State, No. 04-06-00187-CR (Tex. App.-San
Antonio March 7, 2007, pet. ref'd).

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
request a limiting instruction and to object during voir dire when the State argued that proof by clear
and convincing evidence is a higher evidentiary standard than proof beyond a reasonable doubt. 

 On September 15, 2010, we remanded this application for findings of fact and conclusions
of law and directed the trial court to order trial counsel to respond to Applicant's claims. On remand,
the trial court held an evidentiary hearing and heard arguments from Applicant and Nathan Henry
Chu, who was appointed as attorney pro tem for the State. The trial court then made findings of fact
and conclusions of law, which were forwarded to this Court as a supplemental record. A response
from trial counsel was not forwarded with the supplemental record. 

 We believe that the record is not adequate to resolve Applicant's claims. Accordingly, if it
has not already done so, the trial court shall order trial counsel to respond. (1) The trial court may use
any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the trial court elects to hold a
second hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes
to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing.
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact and conclusions of law as to whether trial
counsel's performance was deficient and, if so, whether his deficient performance prejudiced
Applicant. The trial court shall specifically make findings and conclusions as to whether trial counsel
failed to request a limiting instruction and, if so, whether Applicant was prejudiced. (2) See Ex parte
Varelas, 45 S.W.3d 627 (Tex. Crim. App. 2001). The trial court shall also make findings and
conclusions as to whether during voir the State misrepresented the burden of proof in criminal trials

and, if so, whether trial counsel's failure to object prejudiced Applicant. The trial court shall make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. The reporter's record of the voir
dire proceeding shall also be returned to this Court within 120 days of the date of this order. Any
extensions of time shall be obtained from this Court. 




Filed: March 9, 2011

Do not publish

1. According to the evidentiary hearing, the trial court concluded that there was a conflict
because trial counsel is now the Webb County District Attorney. We are not persuaded that trial
counsel's present employment prohibits him from responding to Applicant's claims.
2. The findings of fact and conclusions of law we received on this claim appear to address a
separate issue: the admissibility of extraneous misconduct evidence.